CARMEN GARCÍA PRÍNCIPE, as Mother With *Patria Potestas* Over his Minor Child JOSÉ GARCÍA, Plaintiff and Appellee, *v.* JOSÉ MELÉNDEZ LÓPEZ, Defendant and Appellant.

No. 10709. Argued December 1, 1952.—Decided December 10, 1952.

*Víctor A. Coll* for appellant. *José R. Fournier* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Carmen García Príncipe, as the mother with *patria potestas* over her minor child, José García, filed complaint for support against José Meléndez López in the former District Court of Puerto Rico, Bayamón Section. In his answer defendant denied that the aforesaid minor was his child and that the latter had been born out of relations had by him with Carmen García Príncipe. He further denied having lived in concubinage with the referred mother of the minor plaintiff.

After the two hearings required by law were held, and both parties had introduced their evidence, the lower court rendered judgment holding that "the child José García, known also as José Cruz, is the son of José Meléndez López, born out of his sexual relations with Carmen García Príncipe, and that his said father Meléndez López is bound to support him, whereby he is sentenced to pay him $10 weekly." The judgment further includes payment of attorney's fees.

On appeal, defendant assigns the following errors to the lower court:

"First Error.

"The lower court erred in sustaining the complaint herein inasmuch as the evidence introduced by plaintiff does not warrant the judgment rendered.

"Second Error.

"The lower court erred in sustaining the complaint in erroneously weighing the evidence and in arriving at erroneous inferences and deductions moved by partiality, passion and prejudice, all of which makes the conclusion reached by the court in its judgment untenable.

"Third Error.

"The lower court committed error of law in not complying with § 227 of the Code of Civil Procedure of Puerto Rico".

The first two errors can be discussed jointly, as both refer to the weighing of the evidence.

A careful perusal of the transcript of the evidence before this Court shows that the evidence as to the paternity of the minor child, which is the fundamental question involved in this suit, was conflicting. Plaintiff's evidence tended to show that in the year 1940, Carmen García Príncipe went to live with the defendant José Meléndez López, as husband and wife, in a house located at Betances St., Barrio Obrero, in Santurce; that Carmen paid the rent of the house with money given to her for that purpose by her paramour Meléndez López; that as a result of those relations Carmen García Príncipe became pregnant, the said minor plaintiff having been born on the 10th of April, 1943, in the maternity hospital at Santurce; that the defendant at the beginning supported said child but that at present he does not. That when he stopped supporting the child, the mother, Carmen García Príncipe, went on to live in concubinage with another man, Casiano Cruz; that the minor plaintiff was registered in the public school of Cataño under the surname of "Cruz."

Defendant's evidence tended to show that he had never lived in concubinage with Carmen García Príncipe, though

he had sexual relations with her for a period of four or five months; that the defendant used to go to Carmen's house and take her out in his automobile to have sexual intercourse with her; that he never lived with her under the same roof, and never knew she had become pregnant; that he never had knowledge of the birth of the minor plaintiff and that he was never asked to give him support; that Carmen was not a virgin when he took her out for the first time, inasmuch as she had had carnal knowledge with other men; also that the minor plaintiff was registered in the public school under the name of José Alexis Cruz, the mother's child having given that name to the school teacher; that in that same school there was another child named Rafael Cruz, who was a half-brother of plaintiff on the mother's side.

In holding that the minor plaintiff is the son of defendant José Meléndez López, the trial court resolved the conflict in the evidence against defendant. The evidence believed by the trial court is sufficient to sustain the judgment. See *People v. Rodríguez*, 67 P.R.R. 688. We have repeatedly held that where a conflict in the evidence is decided in favor of a party to a suit, if the latter's evidence sustains the judgment rendered, this Court will not alter the findings of the lower court, in the absence of manifest error, or that in weighing the evidence the trial court acted under the influence of passion, prejudice or partiality. *People v. Rodríguez, supra*, and cases therein cited at page 691, and *Peña v. Heirs of Blondet*, 72 P.R.R. 8.

 However, appellant charges the trial judge with having erroneously weighed the evidence, reaching erroneous findings moved by passion, prejudice and partiality. The record does not show this to be so. Three incidents are shown by appellant in support of this contention. While the maternal grandmother of minor plaintiff was testifying, she referred to the latter as Alexis Cruz and the trial court asked her who was Mr. Cruz, the witness having answered "there he is." Then the Judge ordered said person to appear before

him and asked him what was his occupation, the latter answering that he was a farmer and property owner. This was followed by an aside of the Judge in the sense that inasmuch as the man was wealthy, there could not be present mercenary motivations.

The appellant complains that the trial judge did not give him an opportunity to cross-examine Mr. Casiano Cruz. Aside, from the fact that the defendant did not object to the procedure followed, or to the questions asked by the Judge, he made no effort to cross-examine Casiano. He can not, therefore, complain of it at this time.

The other incident refers to the physical description made by the trial judge of Casiano Cruz. It is true that counsel for appellant stated that he objected to the description made by the Judge yet he failed to state in what the error consisted or the inexactness in which the trial judge had incurred while making such description. However, none of these incidents show that the act of the trial judge was influenced by passion, prejudice or partiality. Finally, the appellant complains that the trial court, without a justifying ground therefor, failed to believe the testimony of his witness, Nora Esther Soto. This witness, who is a public school teacher, testified, that the mother of plaintiff registered the latter at her school under the name of "José Alexis Cruz." The trial court could have given full credit to this witness and nevertheless reach the same conclusion that the minor plaintiff is the son of the appellant, defendant herein. The child's mother explained why she registered the child in school under the name of "Cruz" and such explanation apparently satisfied the trial judge. Her explanation is neither illogical nor unreasonable, and therefore, we should not reject it.

Far from showing that the trial judge was moved by passion, prejudice or partiality, the record shows that said Judge as he himself stated, is a good friend of the defendant in whose company he had travelled and with whom he had lived, first in one of the cities of Puerto Rico and later in hotels in

other countries. The Judge placed his duties and conscience before that friendship and rendered the judgment which he deemed fair and just.

█ The first two errors were not committed. Neither was the third. Although in this case § 227 of the Code of Civil Procedure[1] has not been strictly complied with, the judgment of the trial court, as to the fundamental question involved in the appeal, substantially complies with said Section. As we stated in *Santiago* v. *Martínez*, 72 P.R.R. 873, construing Rule 52 (*a*) of the Rules of Civil Procedure,[2] which is substantially similar to § 227 aforesaid, "the main purpose of that Rule, which must be strictly complied with by the trial judges, is none other than to enable this Court to determine whether or not the findings of fact and the findings of law of the trial court were justified. *Santana* v. *García*, 71 P.R.R. 132; *Varela* v. *Fuentes*, 70 P.R.R. 838. Nevertheless, although in this case the provisions of said Rule were not strictly complied with, however substantial compliance was had therewith and, hence, it is better not to remand the case to the trial court in order that it set forth such findings and conclusions. *Cáceres* v. *García*, 71 P.R.R. 378, 380."

The judgment appealed from will be affirmed.

---

[1] Said Section provides, in its pertinent part, as follows:

"On the final trial of any case in a district court the judge thereof shall make out and file a brief statement in the case setting out the facts as found by him and giving the reasons for his decision . . .."

[2] Rule 52 (*a*) of the Rules of Civil Procedure, in its relevant part, provides:

". . . In all actions the court shall set forth the facts as found by it and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; . . . ."